UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CRYSTAL L. B., 

             Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

             Defendant.

Case No. 6:20-cv-01229-AR

OPINION AND ORDER

**ARMISTEAD, Magistrate Judge**

      In this judicial review of the Commissioner's final decision denying Social Security benefits, Crystal (her last name omitted for privacy) challenges the Administrative Law Judge's partial rejection of examining physician Dr. Blattner's opinion concerning her reaching limitations. Crystal asserts that the ALJ rejected Dr. Blattner's opinion regarding her reaching limitations solely on the basis that it was "nonspecific." Non-examining physician, Dr. Berner, opined that Crystal could "occasionally reach *overhead bilaterally*." Her challenge to the ALJ's

Page 1  – OPINION AND ORDER

rejection of Dr. Blattner's opinion turns on the requirement that an ALJ must provide "specific and legitimate reasons that are supported by substantial evidence" when rejecting an examining doctor's opinion if it is contradicted by another doctor's opinion. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (2014) (so stating). That is, Crystal argues that the ALJ's rejection of Dr. Blattner's opinion—on the basis that it was nonspecific—failed to meet that requirement. As the court will explain, the ALJ did not err. The court affirms.

## ALJ'S DECISION

In denying Crystal's application for Title II and Tile XVI disability benefits, the ALJ followed the five-step sequential evaluation process.[1] Critical to the court's review is the ALJ's assessment of Crystal's residual-functional-capacity (RFC) determination (an intermediate step between steps three and four, 20 C.F.R. §§ 404.1545, 416.945). Reviewing all the evidence in the record, the ALJ determined that Crystal has the RFC to perform light work, except that she can occasionally push/pull with the bilateral upper extremities; can never kneel, crawl, climb ladders, ropes or scaffolds; can occasionally stoop, crouch, and climb stairs and ramps; can occasionally reach overhead bilaterally; can frequently handle, finger, and feel bilaterally; must avoid concentrated exposure to vibrations and hazards; can understand, remember, and carry out simple instructions; can have occasional superficial interaction with the public; and can have occasional contact with co-workers. Tr. 20. In light of her RFC, the ALJ found at step five that jobs exist in significant numbers in the national economy that Crystal can perform, including

---

[1] To determine a claimant's disability, the ALJ must apply a five-step evaluation. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the ALJ finds that a claimant is either disabled or not disabled at any step, the ALJ does not continue to the next step. *Id.*; *see also Parra v. Astrue*, 481 F.3d 742, 746–47 (9th Cir. 2007) (discussing the five-step evaluation in detail).

such representative occupations as electronic accessories assembler, routing clerk, and document preparer. Tr. 33.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation and citation omitted). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Garrison*, 759 F.3d at 1009.

## DISCUSSION

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). In general, the opinion of a treating physician is given more weight than the opinion of an examining physician, and the opinion of an examining physician is afforded more weight than the opinion of a non-examining physician. *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014).[2] If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it must be rejected by specific and legitimate reasons. *Garrison*, 759 F.3d at 1012. To meet this burden, the ALJ must set out a "detailed and thorough summary of the facts and conflicting

---

[2]   The hierarchical treatment of medical opinions has been supplanted by new rules—20 C.F.R. §§ 404.1520c(a), 416.920c(a)—as of March 27, 2017. This case proceeds under the old rules.

Page 3 – OPINION AND ORDER

clinical evidence, stating [the ALJ's] his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). When evaluating conflicting opinions, an ALJ is not required to accept an opinion that is not supported by clinical findings, or is brief or conclusory. *Ford*, 950 F.3d at 1154; *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

Crystal challenges only the ALJ's rejection of Dr. Blattner's opinion concerning her reaching limitations. Dr. Blattner opined that Crystal can perform "activities that involve pulling, pushing, and reaching" "occasionally." Tr. 666. Crystal asserts that when Dr. Blattner used the terms "reaching," he was using those terms as they are defined by the Social Security Administration's *Dictionary of Occupational Titles* and its companion the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (SCO). The SCO defines "reaching" as extending hands and arms in *any* direction. SCO Appendix C-3. Crystal argues that because "reaching" means any direction, the ALJ erred by "looking for additional specificity that not even the Social Security Administration itself bothers to require." Pl.'s Opening Br. at 5, ECF NO. 14. Crystal contends that rejecting Dr. Blattner's reaching limitation as "nonspecific" falls short of the "specific and legitimate" rationale required.

According to Crystal, the ALJ's error is harmful because when occasional reaching in any direction is added to the RFC and the attendant hypothetical question is posed to the vocational expert, all jobs identified by the vocational expert and adopted by the ALJ are eliminated, resulting in error at step five. Pl.'s Br. at 5. Crystal argues that a remand for further administrative proceedings is required because it is not clear that all work is precluded when her RFC is properly formulated.

The Commissioner responds that the ALJ largely agreed with Dr. Blattner's opinion, highlighting that the ALJ rejected only that portion relating to occasional reaching. According to the Commissioner, because this aspect of Dr. Blattner's opinion was "nonspecific," the ALJ appropriately discounted it as too vague to be useful. Further, the Commissioner argues, the ALJ credited Dr. Berner's more specific opinion about Crystal's reaching, which comported with the objective medical evidence. The court agrees.

As for Dr. Blattner's opinion, his physical examination of Crystal revealed normal muscle strength and no palpable muscle spasms. Tr. 662-63. Dr. Blattner found Crystal could lift, carry, and handle light objects. Tr. 663. Dr. Blattner found Crystal could perform rapid alternating movements of the hands without difficulty, and pinch, grasp, and manipulate large and small objects without difficulty. Tr. 663. Dr. Blattner's examination revealed normal range of motion in all extremities, except forward flexion and extension of the back. Tr. 664-65. As the ALJ indicated, Dr. Blattner opined that Crystal had no restrictions in her ability to sit, stand, or walk in an eight-hour day, and that she could lift and carry 20 pounds occasionally and 10 pounds frequently due to her positive straight-leg test and reduced range of motion. Tr. 666. Dr. Blattner also opined that Crystal has limits with "pushing, pulling, and reaching because this causes an increase in her back pain" and that she could "engage in these kinds of activities occasionally." *Id*.

In the decision, the ALJ thoroughly discussed all the medical evidence in the record, and then weighed the various opinion evidence. The ALJ specifically discussed Dr. Blattner's opinion and adopted portions of his opinion into the RFC. The ALJ found that

> Dr. Blattner is knowledgeable with the Social Security Administration disability program and had a chance to examine the claimant in providing his opinion. His

>  opinion is somewhat consistent with the overall medical evidence of record,
>  including his musculoskeletal and neurological findings. His opinion is also
>  generally consistent with the claimant's benign imaging studies, conservative
>  treatment history, and generally unremarkable examination findings. However,
>  his opinion regarding her reaching limitations is nonspecific. He also failed to
>  assess environmental restrictions given the claimant's various physical conditions.
>  The undersigned gives Dr. Blattner's opinion partial weight.

Tr. 31.

The court notes that the ALJ is not required to accept opinions that are brief, conclusory, or inadequately supported by clinical findings. *Bray*, 554 F.3d at 1228. Here, the ALJ specifically identified which portions of Dr. Blattner's opinion it found consistent with other medical evidence. The ALJ discussed Crystal's medical evidence and treatment for her alleged back pain, including the "generally benign imaging and unremarkable findings." *See, e.g.*, Tr. 26, 1011, 1079. Notably, Crystal does not challenge the ALJ's assessment of this evidence concerning her alleged back pain and the court observes that the ALJ's findings are supported by substantial evidence. The ALJ then discussed that Dr. Blattner's reaching limitation was nonspecific, and rejected solely that portion of his opinion. Tr. 31. Dr. Blattner's reaching limitation is combined with the pushing and pulling limitation and appears premised on Crystal's complaints of back pain. Tr. 666. To be sure, the ALJ incorporated Dr. Blattner's pulling and pushing with the bilateral upper extremities into the RFC, yet declined to incorporate his reaching restriction. Tr. 20. Based on Dr. Blattner's evaluation, the ALJ could reasonably conclude that Dr. Blattner's occasional reaching limitation lacked specificity, and the court finds this rationale provides a legitimate basis, backed by substantial evidence, to discount it.

Further, even if the court agreed with Crystal that the ALJ was required to explain her rationale discounting Dr. Blattner's reaching limitations with more specificity, the ALJ did not

commit harmful error. "Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (internal quotation omitted); *Triechler v. Comm's Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (same). The ALJ's path is readily discernable here. Immediately following the ALJ's determination to give Dr. Blattner's opinion partial weight, the ALJ discussed Dr. Berner's conflicting opinion, to which it assigned "great weight." Tr. 31. Dr. Berner reviewed Dr. Blattner's examination findings and other record evidence, and concluded that the reaching limitations applied only to overhead reaching bilaterally based on her complaints of back pain. Tr. 132, 151. Moreover, the ALJ discussed that Dr. Berner opined that Crystal was limited to occasional overhead reaching bilaterally, credited that opinion, and included that specific limitation in the RFC. Tr. 31. Thus, it is obvious in the context of the ALJ's decision that the ALJ credited Dr. Berner's more specific reaching (overhead bilaterally) opinion over Dr. Blattner's generalized reaching (presumably, in any direction) opinion. *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (stating ALJs are responsible for resolving conflicts in the medical evidence and weighing medical opinions). Tellingly, Crystal does not challenge the ALJ's assessment of Dr. Berner's opinion or the ALJ's assessment of her back pain. Nevertheless, on the court's review of the record, it finds no error in the ALJ's assessment of Dr. Berner's opinion, Dr. Blattner's opinion, or the medical evidence as a whole.

   Finally, Crystal fails to identify *any* other credited evidence that she is limited to reaching in any direction, as opposed to overhead bilaterally, that the ALJ failed to consider. Other than Dr. Blattner's opinion itself, Crystal neither points to evidence in the record that bolsters her view that Dr. Blattner opined that she could reach occasionally in any direction nor points to

evidence that undermines Dr. Berner's opinion that she could occasionally reach bilaterally overhead. The ALJ exhaustively discussed the remaining medical evidence and discounted Crystal's subjective symptom testimony – findings that are unchallenged by Crystal. Even if the ALJ could have been more specific in discussing the reaching limitation, the ALJ set forth a statement of her reasoning sufficient to permit meaningful review. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (stating ALJ's are not required "to perform a line-by-line exegesis" or "draft dissertations when denying benefits"); *Elizabeth T. v. Comm'r Soc. Sec. Admin.*, Case No. 6:20-cv-00060-YY, 2022 WL 179205, at *6 (D. Or. Jan. 20, 2022) (finding ALJ did not err in partially rejecting physician's opinion because ALJ's reasoning could be discerned). For all these reasons, the court concludes that the ALJ's evaluation of Dr. Blattner's opinion is supported by substantial evidence and free of harmful error.

## CONCLUSION

Based on the foregoing, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED August 17, 2022.

_____
JEFFREY ARMISTEAD
United States Magistrate Judge